UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH MICHAEL CASTILLO,<br><br>    Plaintiff,<br><br>    v.<br><br>APRIL WOODSON,<br><br>    Defendant. | No. 2:25-cv-02116-DAD-CSK (PS)<br><br>ORDER RELATING AND REASSIGNING CASE, REMANDING THAT CASE TO THE STANISLAUS COUNTY SUPERIOR COURT, AND DENYING THE MOTIONS IN THAT ACTION AS MOOT |
| STATE OF CALIFORNIA,<br><br>    Plaintiff,<br><br>    v.<br><br>JEREMIAH MICHAEL CASTILLO,<br><br>    Defendant. | No. 2:25-cv-02136-DC-CKD (PS)<br><br>**New Case No. 2:25-cv-02136-DAD-CSK (PS)** |

An examination of the above-captioned actions reveals that they are related within the meaning of Local Rule 123(a). Accordingly, assignment of the above-captioned actions to the same district judge and magistrate judge will promote substantial efficiency and economy for the court and is likely to be convenient for the parties.

/////

1

An order relating cases under this court's Local Rule 123 merely assigns them to the same district judge and magistrate judge—it does not consolidate the cases. The local rules of this district authorize the judge with the lowest numbered case to order the reassignment of any higher numbered cases to himself or herself, upon determining that this assignment is likely to effect a savings of judicial effort. L.R. 123(c). Such good cause appearing here, the court orders that Case No. 2:25-cv-02136-DC-CKD is reassigned to the undersigned and Magistrate Judge Chi Soo Kim. The caption on documents filed in the reassigned case shall be shown as: 2:25-cv-02136-DAD-CSK. It is further ordered that the Clerk of the Court make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

However, Case No. 2:25-cv-02136 must now be remanded to the Stanislaus County Superior Court. On June 30, 2025, defendant Castillo filed a notice of removal in that action. (*State of California v. Castillo*, 2:25-cv-02136-DAD-CSK, Doc. No. 1.) Defendant Castillo purports to remove his criminal case from state court to this federal court pursuant to 28 U.S.C. §§ 1331, 1441, 1443, and 1446, as well as 42 U.S.C. § 1983. (*Id.* at 1.) As an initial matter, 28 U.S.C. §§ 1331, 1441, and 1446 provide for the removal of civil actions and do not permit plaintiff to remove his pending criminal case. Similarly, 42 U.S.C. § 1983 provides no basis for removal.

As to 28 U.S.C. § 1441, the undersigned has previously noted the following:

> A case may be removed under § 1443(a) only where a two-pronged test is met. "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' ["] *Johnson v. Mississippi*, 421 U.S. 213, 219, 95 S. Ct. 1591, 44 L.Ed.2d 121 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792, 86 S. Ct. 1783, 16 L.Ed.2d 925 (1966)). "Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.' ["] *Id.* (quoting *Rachel*, 384 U.S. at 803). In general, there must be a state law or constitutional provision that denies the defendant an opportunity to raise a federal right in his state criminal proceeding. *Id.* (citing *Rachel*, 384 U.S. at 803).
>
> The Ninth Circuit has stated that the ground for removal of a state criminal prosecution to federal court under § 1443(1) is "both specific and extremely narrow." *Davis v. Superior Court*, 464 F.2d 1272, 1273 (9th Cir.1972). Removal of a state criminal case "is proper *only* if the petitioner asserts, 'as a defense to the prosecution,

2

> rights that are given to [him] by explicit statutory enactment protecting equal racial civil rights.' ["] *Id.* at 1272 (quoting *People of State of California v. Sandoval*, 434 F.2d 635, 636 (9th Cir.1970)). In *Davis*, the defendant had been charged by the State of California with violating statutes that made it criminal for a convicted felon to own or possess a concealable firearm, or to carry such a firearm in a vehicle on a public street. *Id.* The Ninth Circuit found that (1) Davis' only claim was that his prior convictions were "invalid for various specific reasons, none remotely related to the protection of equal racial civil rights," (2) he had brought habeas corpus proceedings in federal court to test the validity of his prior convictions, and (3) the state court declined to recognize the federal habeas proceedings as a ground for a continuance or as a defense to the prosecution of the defendant's criminal action. *Id.* On appeal, Davis argued that the district court should not have remanded his criminal case to the state court without notice, an opportunity to be heard, and an opportunity to amend. *Id.* The Ninth Circuit ruled that the specific and narrow nature of removal under § 1443(1) made it possible for the district court to determine, from its inspection of the defendant's removal petition, that Davis could not state a ground that would entitle him to remove his state criminal case to federal court. *Id.* at 1273.

*California v. Blackwelder*, No. 06-cv-02254-GEB-DAD, 2007 WL 1865386, at *3 (E.D. Cal. June 28, 2007).

"The United States district court in which such notice [of removal of a criminal prosecution in state court] is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). "If the United States district court does not order the summary remand of such prosecution, it shall order an evidentiary hearing to be held promptly and, after such hearing, shall make such disposition of the prosecution as justice shall require." *Id.* § 1455(b)(5).

Here, removal is improper because defendant Castillo does not reference any "federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson*, 421 U.S. at 219. Nor does the court discern the relevance of any such law to defendant's prosecution in state court. *See Blackwelder*, 2007 WL 1865386, at *4 ("Blackwelder has not alleged or argued that his state criminal prosecution denied him vindication of a statute protecting equal racial civil rights.").

Separately, removal is improper here because defendant Castillo has not shown that he will be "'denied or [unable to] enforce' the specified federal rights 'in the courts of (the) State.'" *Johnson*, 421 U.S. at 219. Defendant Castillo merely alleges in his notice of removal that he will

3

1 have "no access to an impartial remedy due to: State courts' deference to officer testimony over recorded or documented abuses; failure to enforce federal procedural safeguards or accept jurisdictional objections; [and a] pattern of retaliation and intimidation by officers, making redress in local courts dangerous and ineffective." (Doc. No. 1 at 4.) General allegations such as these cannot support removal of his criminal prosecution to this federal court. *See Blackwelder*, 2007 WL 1865386, at *4 ("Like the party seeking removal in *Davis v. Superior Court*, Blackwelder seeks only the enforcement of constitutional provisions of general applicability. That is not a sufficient basis to remove defendant's criminal prosecution to federal court under § 1443(1).").

Accordingly, the court will remand this action to the Stanislaus County Superior Court. *See California v. Rish Invs., Inc.*, No. 24-4283, 2025 WL 1420338, at *1 (9th Cir. May 16, 2025) ("Rish also cannot show that removal was proper under 28 U.S.C. § 1443(1). Rish has neither identified a right bestowed on it by an explicit statutory enactment protecting equal racial civil rights, nor pointed to a 'formal expression of state law that prohibits [it] from enforcing [its] civil rights in state court,' nor provided 'anything that suggests that the state court would not enforce [its] civil rights in the state court proceedings.'"); *FIXZYN, Inc. v. Laatz*, No. 2:25-cv-01201-DJC-SCR, 2025 WL 1410798, at *2 (E.D. Cal. Apr. 28, 2025) ("Here, Defendant fails to support both requirements for removal under Section 1443(1). Defendant has not identified a specific statute protecting equal racial civil rights. . . . Moreover, Defendant has also not identified a statute or constitutional provision that commands state courts to ignore equal racial civil rights. Remand to the Sacramento Superior Court is therefore appropriate and mandatory."); 28 U.S.C. § 1455(b)(4) ("If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.").

## CONCLUSION

For the reasons explained in this order:

1. Case No. 2:25-cv-02136-DC-CKD, titled *State of California v. Castillo*, is RELATED and REASSIGNED to the undersigned and to Magistrate Judge Chi Soo Kim;

2. That action, now with the caption Case No. 2:25-cv-02136-DAD-CSK, is REMANDED to the Stanislaus County Superior Court;

3. The motion to proceed *in forma pauperis* (Doc. No. 2) in that action is DENIED as moot in light of this order;

4. The motion for temporary restraining order (Doc. No. 3) in that action is DENIED as moot in light of this order;

5. The motion to dismiss the state court complaint (Doc. No. 4) in that action is DENIED as moot in light of this order;

6. The Clerk of the Court is directed to CLOSE *State of California v. Castillo*, No. 2:25-cv-02316-DAD-CSK; and

7. The action in *Castillo v. Woodson*, No. 2:25-cv-02116-DAD-CSK remains pending before this court.

IT IS SO ORDERED.

Dated:  **July 31, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

5