UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH MICHAEL CASTILLO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>APRIL WOODSON,<br><br>　　　　　　Defendant. | Case No. 2:25-cv-02116-DAD-CSK PS<br><br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 1, 2) |

Plaintiff Jeremiah Michael Castillo is representing himself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF Nos. 1, 2.) For the reasons that follow, the Court recommends Plaintiff's IFP application be denied, and the Complaint be dismissed without leave to amend.

I.      **MOTION TO PROCEED IN FORMA PAUPERIS**

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id*. According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,650.00. *See* U.S. Dpt. Health & Human Service (available at https://aspe.hhs.gov/poverty-guidelines).

Here, Plaintiff filed an IFP application, but has not signed the form. (ECF No. 2.) Plaintiff has also stated that he believes that "[b]eing forced to fill out such forms is an unconstitutional barrier[.]" *Id.* at 2. Because Plaintiff has not signed the IFP application, the Court will recommend the application be denied. *See Arnold v. W. Cnty. Detention Facility Medical*, 2025 WL 1282623, at *2 (N.D. Cal. May 1, 2025). Further, the Court will additionally recommend Plaintiff's IFP application be denied because the action is facially frivolous or without merit. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.*, 584 Fed. App'x. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Because Plaintiff has not signed the IFP application and because it appears from the face of Plaintiff's Complaint that this action is frivolous or is

without merit as discussed in more detail below, the Court recommends Plaintiff's IFP motion be denied.

## II. SCREENING REQUIREMENT

Even if the Court were to grant Plaintiff's IFP application, Plaintiff's Complaint warrants dismissal pursuant to 28 U.S.C. § 1915(e)'s required pre-answer screening. Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See id*. at 326-27; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post-*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the

complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

### III. THE COMPLAINT

Plaintiff brings his claims against Defendant April Woodson, a "Clerk/Operations Specialist" and the United States District Court for the Eastern District of California, in her individual and official capacities. Compl. at 1, 2 (ECF No. 1). Plaintiff alleges that on June 30, 2025, he filed a notice of removal of a state criminal case under 28 U.S.C. § 1443(1) "on the grounds of ongoing and irreparable violations of federally protected civil rights." *Id.* at 9. Plaintiff alleges that the filing was accepted and stamped by the Clerk's office, and a notice of removal was filed with the Stanislaus County Superior Court. *Id.* Plaintiff also filed a motion for a temporary restraining order, motion to dismiss the removed case, and other filings. *Id.* at 10. On July 1, 2025, Plaintiff states he received an email from Defendant stating that "criminal cases cannot be removed," and that his filing would be returned. *Id.* On July 2, 2025, Plaintiff received another message, stated that only the United States Attorney's Office may initiate criminal matters in district court. *Id.*

Plaintiff alleges that he suffered multiple harms from the "improper rejection of [his] lawfully filed federal removal." *Id.* at 11. Those harms include that he was seized due to a bench warrant on July 2, 2025, he was transferred to Stanislaus County jail on July 3, 2025, he had his picture and fingerprints taken, he was denied toilet paper and "subjected to surveillance via camera aimed at the toilet," he was forced to take a TB test against his will, he was denied a religious head covering, he was not taken before a judicial officer until July 7, 2025, and he was held on $150,000 bail. *Id.*

Plaintiff asserts his rights under the First Amendment of the United States Constitution and Article I, Section 3(b) of the California Constitution, and attempts to bring claims for "ministerial overreach," "obstruction of access to court," "denial of due process and redress," "constitutional deprivation," "administrative misconduct," "criminal

and civil conspiracy" under 18 U.S.C. § 241 and 42 U.S.C. § 1985, "tampering with a witness" under 18 U.S.C. § 1512, "tortious interference with lawful remedy," "intentional infliction of emotional distress," and "use of statute as a cloak for fraud." *Id.* at 9, 12. For relief, Plaintiff seeks enforcement and reinstatement of the June 30, 2025 notice of removal, judicial oversight and review of Defendant's actions, referral for administrative discipline or investigation, "civil rights review" by a judge, and preservation and production of all records and communications. *Id.* at 12-13.

On July 31, 2025, a separate case was opened in federal court, removing Plaintiff's criminal case from Stanislaus County Superior Court. *See State of California v. Castillo*, Case No. 2:25-cv-02136-DAD-CSK PS. On August 1, 2025, District Judge Dale A. Drozd related *State of California v. Castillo* with this case, and remanded *State of California v. Castillo* to the Stanislaus County Superior Court. (ECF No. 3.)

## IV.   DISCUSSION

### A.   Failure to Comply with Federal Rule of Civil Procedure 8

#### 1.   Quasi-Judicial Immunity

The sole Defendant in this case is Ms. Woodson, sued in her individual and official capacity as a Court Clerk for the Eastern District of California district court. *See* Compl. at 1. Court clerks have "absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process," unless the tasks are done in the "clear absence of all jurisdiction." *Mullis v. U.S. Bankruptcy Court for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987). This immunity also bars declaratory, injunctive, and other equitable relief. *Id.* at 1394.

Here, Plaintiff brings suit against Defendant because she did not remove Plaintiff's state criminal case to federal court as Plaintiff requested. *See* Compl. at 10. Plaintiff alleges he filed a notice of removal in federal court on June 30, 2025 and his filing was accepted. *Id.* at 9. However, on July 1, 2025, he received an email from Defendant informing him that criminal cases cannot be removed and that his filing would be returned. *Id.* at 10. The conduct Plaintiff challenges relates to Defendant's acts

related to her official duties (*see* Compl. at 9-10), and Defendant is absolutely immune for these acts. *See Mullis*, 828 F.2d at 1390 ("The commencement of an action by filing a complaint or petition is a basic and integral part of the judicial process."); *Wills v. Barton*, 2009 WL 1684722, at *5 (E.D. Cal. June 16, 2009) (superior court clerk was immune from suit for decision about whether to accept or file petitions for writ of mandate and accompanying pleadings). Having his removal action filed is one of the remedies Plaintiff seeks here. A case related to Plaintiff's removal action was eventually opened, and the District Judge remanded and closed the case. *See* ECF No. 3; *State of California v. Castillo*, Case No. 2:25-cv-02136-DAD-CSK PS. Even if Defendant did make a mistake by returning Plaintiff's filing, "a mistake or an act in excess of jurisdiction does not abrogate judicial immunity, even if it results in 'grave procedural errors.'" *Mullis*, 828 F.2d at 1390 (citing *Stump v. Sparkman*, 435 U.S. 349, 359 (9th Cir. 1978). Therefore, Plaintiff's claims against Defendant should be dismissed. *See Mullis*, 828 F.2d at 1390; *Sermeno v. Tang*, 2025 WL 2722659, at *6-7 (N.D. Cal. Sept. 5, 2025).

### 2. No Cause of Action for Criminal Statutes

Plaintiff appears to seek relief under 18 U.S.C. §§ 241 and 1512. Compl. at 12. 18 U.S.C. § 241 is a federal criminal statute that makes it a crime for two or more persons to "conspire to injure, oppress, threaten, or intimidate any person" in the exercise or enjoyment of their Constitutional rights or laws of the United States. 18 U.S.C. § 1512 is a federal criminal statute that makes it a crime to tamper with a witness, victim, or informant. There is no private right of action for violation of a criminal statute, which means that Plaintiff, as a private citizen, cannot bring a claim pursuant to 18 U.S.C. §§ 241 or 1512. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006); *Rowland v. Prudential Fin., Inc.*, 362 F. App'x 596, 597-97 (9th Cir. 2010) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)) (finding district court's dismissal of claim under 18 U.S.C. § 1512 proper because it does not provide a private right of action). Accordingly, Plaintiff's claims under these statutes should be dismissed.

///

### 3. Failure to State a Claim Under Rule 8

The Complaint also does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

Here, the Complaint does not contain facts supporting any cognizable legal claim against Defendant. Plaintiff states the following "violations" or "harms" allegedly caused by Defendant: "ministerial overreach," "obstruction of access to court" by returning the removal filings, "denial of due process and redress," "constitutional deprivation," "administrative misconduct," "criminal and civil conspiracy," "tampering with a witness," "tortious interference with lawful remedy," "intentional infliction of emotional distress," and "use of statute as a cloak of fraud" all stemming from Defendant's alleged rejection of Plaintiff's attempt to remove his case to federal court. *See* Compl. at 12. However, Plaintiff only makes conclusory allegations as to each claim and fails to provide sufficient facts to plead any claim against Defendant. The Complaint therefore fails to state a claim on which relief may be granted and is subject to dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

### 4. State Law Claims

Plaintiff also attempts to bring claims for "tortious interference with lawful remedy" and "intentional interference of emotional distress," which are state law claims. As discussed above, Plaintiff has failed to state a claim under federal law. Accordingly, the Court will not exercise supplemental jurisdiction over Plaintiff's state law claim. *See*

7

28 U.S.C. § 1367(c)(3); *Campos v. Fresno Deputy Sheriff's Association*, 535 F.Supp.3d 913, 931 (E.D. Cal. 2021); *Religious Tech. Ctr. V. Wollersheim*, 971 F.2d 364, 367-68 (9th Cir. 1992).

### B. Leave to Amend

The Complaint does not present a cogent, non-frivolous claim. In light of the Complaint's deficiencies, including that Plaintiff's case is against an individual who is immune from suit, it appears granting leave to amend would be futile. The Complaint should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

### V. CONCLUSION

Based upon the findings above, it is RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED;
2. Plaintiff's Complaint (ECF No. 1) be DISMISSED without leave to amend; and
3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: September 29, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, cast.2116.25